**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MYRNA J. FILER,

                Plaintiff,

        -vs-

DETECTIVE CRAIG POLSTON, *et al.*,

                Defendants.

:

:

:

:

Case No. 3:11-CV-170

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

## REPORT AND RECOMMENDATION[1]

---

This case is before the Court on Defendants' Motion for Judgment on the Pleadings. Doc. 22. In their Motion, Defendants maintain that *pro se* Plaintiff Myrna Filer's claims, brought pursuant to 42 U.S.C. § 1983, are barred by the two-year statute of limitations which governs § 1983 claims. *Id.*, doc. 26. In response, Plaintiff argues that the "discovery rule" tolled the statute of limitations, and that her claims are therefore timely and properly before this Court. *See* doc. 25. This matter is now ripe for Report and Recommendation.

## I. FACTS

Plaintiff brought this § 1983 action based upon alleged violations of her constitutional rights related to Defendants' searches of her home and business, both of which occurred on May 27, 2008. *See* doc. 1-1.

The searches of Plaintiff's home, located at 1194 New Mexico Drive, Xenia, Ohio, and her business, the L.A. Sports Bar and Grill, located at 44 Xenia Town Square, Xenia, Ohio, were

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

conducted pursuant to two warrants issued by the Xenia Municipal Court in Greene County, Ohio. *See* docs. 22-1, 22-2. The warrants, attached to Defendants' Motion as Exhibits A and B, identify purportedly criminal activities of Plaintiff's son, Sheldon Smith (hereinafter "Smith"). *Id.* The affidavit, attached to each of the search warrants, states: "Sheldon Smith utilizes a business he manages[, the] L.A. [Sports Bar and Grill located at] 44 Xenia Town Square, Xenia, Ohio, his residence at 2396 Louisiana Drive, Xenia, Ohio, and his mother's address of 1194 New Mexico Drive, Xenia, Ohio to conduct his drug enterprise." *Id.* at PageID 125, 137.

The returns of each of the warrants, also attached to Defendants' Motion, show that: (1) Plaintiff was served with both warrants on May 27, 2008; (2) property was seized from both her home and place of business, and (3) a receipt of inventory taken from Plaintiff's house was given directly to her, and a receipt for inventory taken from the business was left on the business' premises. *Id.* at PageID 117, 129.

Plaintiff was not prosecuted. In the criminal action involving the State of Ohio's prosecution of her son, Smith, the Greene County Court of Common Pleas granted Smith's motion to suppress the evidence recovered during the execution of both warrants at a motion to suppress hearing held on May 27, 2009. *See State of Ohio v. Smith*, Greene Co. C.P. Case No. 2008CR926 (May 27, 2009)(docket sheet). While the Common Pleas Court held that there was probable cause to search the residence located at 2396 Louisiana Drive, Xenia, Ohio, it found that there was not probable cause to search Plaintiff's house and business. *Id.* Specifically, the Common Pleas Court held: "[a]s to the search warrants for 1194 New Mexico Drive, Xenia, OH and 44 Xenia Town Square, Xenia, OH, the Court finds that the affidavits filed herein are inadequate and finds that there is insufficient probable cause to sustain the searches for these

locations and any evidence obtained from either of those searches will not be used in this case." *Id.*

Plaintiff filed her Complaint with this Court on May 19, 2011, alleging that her constitutional rights were violated under § 1983 when Defendants, acting under color of state law, utilized a false affidavit to establish probable cause in order to search her residence and business on May 27, 2008. *See* doc 1-1. Plaintiff further alleges that her business, the L.A. Sports Bar and Grill, sustained $10,000,000 in damages "as a direct result of the negative publicity associated with the L.A. Sports Bar and Grill, which forced the Plaintiff to have to close down the business." *Id.* at PageID 21. Additionally, Plaintiff "requests that the culpability regarding the sum [of] damages of $10,000,000 be structured so that each named defendant is responsible for $2,000,000." *Id.*

Defendants' Motion seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), based upon their contentions that: (1) Plaintiff's claims are barred by Ohio's two-year statute of limitations for actions brought under 42 U.S.C. § 1983; and (2) "Plaintiff has not alleged the existence of an official governmental custom, policy, or practice that violated her constitutional rights." Doc. 22, PageID 107.

## II. APPLICABLE LAW

### A. Standard of Review

The standard for reviewing a Rule 12(c) motion is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008). In general, a court may not consider any facts outside the complaint and any attached exhibits on a motion to dismiss for failure to state a claim. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). When matters outside the pleadings are presented to

and considered by the court in a Rule 12(b)(6) motion, the motion is treated as one for summary judgment. *See Friedman v. United States.*, 927 F.2d 259, 261 (6th Cir. 1991). However, a court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *See Amini*, 259 F.3d at 502. The Court may also consider in its Rule 12(c) analysis, as is the case here, documents which are referenced by Plaintiff in her *pro se* Complaint. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

In determining "a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Streater v. Cox,* 336 Fed. Appx. 470, 474 (6th Cir. 2009) (citing *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008)). While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,'… it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (citing *Twombly,* 550 U.S. at 555). In fact, in determining a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 555.

Accordingly, in order to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 663. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

**B. Statute of Limitations**

The Sixth Circuit has long held that "judgment on the pleadings under Fed. R. Civ. P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (1990)). "Actions brought pursuant to 42 U.S.C. § 1983 apply the statute of limitations from a state's general personal injury statute." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Thus, for § 1983 actions brought in Ohio, a two-year statute of limitations applies. *Id.* at 855-56 (citing Ohio Rev. Code § 2305.10); *see also Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 458 (6th Cir. 2011).

Although the limitations period for §1983 actions is borrowed from state law, federal law governs when the limitations period begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). A plaintiff, moreover, "has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.*

# III. ANALYSIS

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations because the two searches at issue occurred on May 27, 2008, and Plaintiff's Complaint was not filed until May 19, 2011. Doc. 22. Liberally construed in her favor, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), Plaintiff's argument is that the limitations period was tolled by the "discovery rule." *See* doc. 24. Specifically, Plaintiff contends the Greene County Common Pleas Court's act of granting of Smith's motion to suppress – i.e. to suppress the evidence found in the search of Plaintiff's house and business -- was the "triggering event" which caused her to realize or "discover" that her constitutional rights were violated. *Id.* According to Plaintiff, because her property was searched pursuant to a facially valid warrant, she had no reason to know that her constitutional rights had been violated prior to the Common Pleas Court's ruling on May 27, 2009. *Id.*; doc. 1-1. If the cause of action did not accrue until May 27, 2009 as Plaintiff alleges, then her Complaint, filed on May 19, 2011, would be timely filed.

Thus, the issue before the Court is whether limitations period was tolled until May 27, 2009 -- the day the Greene County Court of Common Pleas granted Smith's motion to suppress. This issue, however, is not one of first impression in the Southern District of Ohio.

In *Stanley v. Malone*, 2009 U.S. Dist. LEXIS 14966, *12-16 (S.D. Ohio Feb. 26, 2009), District Judge John Holschuh addressed this precise issue, and opined:

> Although the limitations period for §1983 actions is borrowed from state law, federal law governs when the limitations period begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period for § 1983 actions begins to run when the cause of action accrues, i.e., when the plaintiff has "a complete and present cause of action." *Id.* (internal citation omitted). The cause of action accrues when the plaintiff knew or should have known of the injury which forms the basis for his or her claim. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). This is known as the "discovery rule." The relevant inquiry is "what event should have alerted the

typical lay person to protect his or her rights." *Roberson*, 399 F.3d at 794 (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

Plaintiffs argue that because the officers searched and seized their property pursuant to a facially valid search warrant and because the Licking County Prosecutor's Office continued to insist that the Chevelle was being lawfully held as contraband, Plaintiffs were not aware until later that the search and seizure exceeded the scope of the officers' authority. They contend that they did not discover that the search and seizure was illegal until the Licking County Court of Common Pleas granted their motion to suppress the evidence. Tellingly, Plaintiffs present no authority in support of their argument that the cause of action did not accrue until then.

As the Third Circuit has explained, "the discovery rule hinges upon actual, as opposed to legal, injury." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 n.9 (3d Cir. 1994). **A cause of action accrues as soon as the plaintiff knows or should have known of the actual injury, regardless of when the plaintiff learns that the conduct at issue may constitute "an actionable legal wrong."** *Id. See also Campau v. Orchard Hills Psychiatric Ctr.*, 946 F. Supp. 507, 511 (E.D. Mich. 1996) ("[I]t is the plaintiff's awareness of actual injury, as opposed to legal injury, that suffices to trigger the running of the statutory period.") (emphasis in original); *Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 210 (S.D. Ohio 1987) ("[T]o commence the running of the limitations period, it is only required that plaintiff know or have reason to know of the injury which is the basis of his action.") (emphasis in original).

**In this case, Plaintiffs had a complete and present cause of action on July 20, 2005, the date of the search and seizure. Plaintiffs were present during the search and it was on that date that Defendants seized Plaintiffs and their personal property and allegedly damaged Plaintiffs' house. Because Plaintiffs had knowledge of these actual injuries on July 20, 2005, the statute of limitations started running on that date.** *See Spencer v. Conn.*, 560 F. Supp. 2d 153, 159 (D. Conn. 2008) ("[S]o long as the plaintiff knows or has reason to know of the search, a claim for an illegal search accrues, and a plaintiff has a complete and present cause of action, when the act of searching the property is complete."); *Triestman v. Probst*, 897 F. Supp. 48, 50 (N.D.N.Y. 1995) (rejecting plaintiff's claim that cause of action did not accrue until the court unsealed the search warrant and supporting affidavits and plaintiff learned that search was illegal); *Johnson v. Cullen*, 925 F. Supp. 244, 249 (D. Del. 1996) (noting that courts "have uniformly held that in section 1983 cases concerning deprivation of one's property, the violation of one's civil rights accrues when the property is seized").

**The Court therefore concludes that Plaintiffs' claims accrued on July 20, 2005, the date of the search and seizure, and not on the date the state court finally determined that the seizure was illegal.** Therefore, the Amended

Complaint, filed on June 23, 2008, is barred by the two-year statute of limitations.

*Id.* (emphasis added). Judge Holschuh's analysis from *Stanley* is directly applicable to this case.

Here, the Court finds that Plaintiff, similar to the claimants in *Stanley*, had a complete and present cause of action on May 27, 2008 -- the date of the searches of her house and business. As made clear in her Complaint, and the returns of the warrants referenced in her Complaint, Plaintiff was present during at least one of the two searches (and possibly both). *See* doc. 1-1; *see* also doc. 22 at PageID 117, 129. If Defendants did in fact violate Plaintiff's rights, they did so on the day the searches and seizures occurred. *See Stanley*, 2009 U.S. Dist. LEXIS 14966 at *12-13; *Wallace*, 549 U.S. 384, 388. The Greene County Common Pleas Court's act of granting Smith's motion to suppress was not a "triggering event" which served to toll the limitations period. *See Stanley*, 2009 U.S. Dist. LEXIS 14966 at *14-16.

Therefore, the Court finds that because Plaintiff had knowledge of her *actual* injuries on May 27, 2008, the date her home and business were searched by Defendants, the statute of limitations started running on that date. *See id.* at *15 (quoting *Spencer v. Conn.*, 560 F.Supp.2d 153, 159 (D. Conn. 2008) ("[S]o long as the plaintiff knows or has reason to know of the search, a claim for an illegal search accrues, and a plaintiff has a complete and present cause of action, when the act of searching the property is complete")). Thus, Plaintiff had two years from the day her home and business were searched -- i.e., until or about May 27, 2010 -- in which to file her § 1983 claims related to those searches. As noted above, Plaintiff's *pro se* Complaint was not filed until May 19, 2011 -- nearly one year after the May 27, 2010 filing deadline. *See* doc. 1-1.

Accordingly, the Court concludes that Plaintiff's § 1983 claims, filed on May 19, 2011 and relating to the searches conducted on May 27, 2008, are barred by the two-year statute of limitations.[2]

## IV.  RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings (doc. 22) be **GRANTED**, and this case **DISMISSED WITH PREJUDICE**.

May 15, 2012                                      s/ **Michael J. Newman**
                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report & Recommendation objected to and shall be accompanied by a memorandum in support of the objections.  If the Report & Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

---

[2] Because Plaintiff's claims are barred by the statute of limitations, the Court finds Defendants' remaining arguments to be moot.